UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT HUDSON,

                        Plaintiff,

- *against* -

COUNTY OF DUTCHESS, ET AL.,

                        Defendant(s).

12 Civ. 5548 (KMK) (PED)

**REPORT AND RECOMMENDATION**

**TO:   THE HONORABLE KENNETH M. KARAS
        UNITED STATES DISTRICT JUDGE**

Plaintiff Robert Hudson, proceeding *pro se*, brought this action against numerous defendants alleging civil rights violations arising out of his arrest and prosecution for trespassing and contempt charges as well as a search of his residence and confiscation of certain firearms. There has been extensive motion practice as well as a series of amended complaints, and familiarity with that record is assumed. On December 6, 2016, your Honor entered a Case Management and Scheduling Order requiring that discovery should be completed by April 3, 2017 [Dkt. 122,] a deadline later extended by 30 days. [Dkt. 135.] Your Honor also referred the case to me for general pretrial supervision. [Dkt. 123.]

Defendant New York State Troopers Miano and Mergendahl now seek dismissal of plaintiff's claims against them, pursuant to Rule 37(b)(2)(A), Fed. R. Civ. P., based on plaintiff's failure to comply with court-ordered discovery. [Dkt. 137.] For the reasons set forth below, I respectfully recommend that plaintiff's claims against those defendants be **DISMISSED** on that basis.[1]

---

[1] It appears that plaintiff's Fourth Amended Complaint asserts a claim against defendant County of Dutchess relating to the retention of plaintiff's rifles; Dutchess County did not move to dismiss that claim. See Dkt. 24, p. 13. The status of plaintiff's claim against Dutchess

## Background

Pursuant to your Honor's Order of Reference, this Court conducted a conference on January 5, 2017. At that conference, defense counsel noted that defendants had timely served discovery demands and were awaiting plaintiff's responses. Noting that plaintiff had delivered a number of documents (possibly including discovery-related materials) to the Clerk's office that morning, the Court explained to plaintiff that discovery requests and responses should be exchanged between the parties, not filed with the court, and plaintiff agreed that he would provide to defense counsel a set of the documents he had submitted to the Clerk.[2]

On January 31, 2017, defense counsel wrote to the Court complaining that, *inter alia*, plaintiff had failed to respond to defendants' First Set of Interrogatories and Request for Production of Documents, which had been served on December 22, 2016. [Dkt. 141.] The Court convened a hearing on February 10, 2017. At that hearing, plaintiff acknowledged that – contrary to the representation he had made at the January 5 conference – he had not provided defense counsel with copies of the papers he had delivered to the Clerk on January 5. Plaintiff

---

County is unclear. Notably, counsel of record for the County has not appeared for recent conferences or participated in discovery, and plaintiff has not objected to the County's absence. In any event, this Order does not address the status of Defendant County of Dutchess, as plaintiff's failure to comply with discovery requested by the State Trooper defendants is not a basis to dismiss plaintiff's claims – if any – against Dutchess County.

"Defendants" and "defense counsel" hereinafter refers only to the State Trooper defendants and their counsel, the New York State Attorney General.

[2]Although it appeared possible to the Court on January 5 that the *pro se* plaintiff had erroneously but in good faith attempted to satisfy his discovery obligations by filing responsive documents with the Clerk, subsequent inspection disclosed a miscellaneous document dump which does not relate in any discernable way to plaintiff's claims against the State Trooper defendants or to defense counsel's discovery requests. These materials now appear on the docket as "Court View Only." [Dkt. 131.]

had, however, filed and served a document he styled "PLAINTIFF'S COURT ORDERED FOURTH AMENDED COMPLAINT AND PLAINTIFF'S ANSWER TO DEFENDANT'S INITIAL DISCLOSURES REQUESTS PURS. TO N.Y.S. ATTORNEY GENERAL RULE 26(A)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE", accompanied by voluminous exhibits.[3] Because the documents plaintiff had submitted to the Clerk on January 5 had been rejected for filing, the Court returned those documents to plaintiff in open court and then took a recess so that plaintiff and defense counsel could review those materials, as well as defendant's outstanding requests, and confer concerning what additional discovery from plaintiff defendants required. Following the recess, plaintiff acknowledged that he had not responded to defendant's First Set of Interrogatories and Request for Production of Documents, and promised to do so within 10 days. Defense counsel provided plaintiff with a duplicate copy of defendants' First Set of Interrogatories and Request for Production of Documents to assist him in complying with the requests.

On February 22, 2017, plaintiff filed an undated letter stating as follows:

> Dear Sir I have not been able to complete the second document requested by the New York State Attorney General. My Car is no longer able to be driven and I am working upon two other Complaints one of which may require my time in Jail. I am forced to face these actions first. Please Forgive My Delay. But I am forced to file other papers.

Dkt. 133. On March 24, 2017, defense counsel submitted a letter-motion to your Honor, requesting a 60-day extension of the April 3 discovery deadline. [Dkt. 134.] In the letter, counsel reported that

---

[3]Receipt of this material apparently provoked defense counsel's January 31 letter to the Court, because the voluminous attachments were in no way responsive to defendant's discovery requests.

> [I]n violation of Magistrate Judge Davison's direction at a February 10, 2017 conference, [plaintiff] has still failed to provide any response to Defendants' December 22, 2016 First Set of Interrogatories and Request for Production of Documents[.]

Dkt. 134. Counsel further noted that plaintiff's failure to respond to those requests had delayed scheduling of plaintiff's deposition. Id. On March 27, 2017, your Honor granted counsel's request to the extent that the discovery deadline was extended by 30 days. Dkt. 135. Your Honor's docketed endorsement further stated as follows:

> If Plaintiff continues to drag his feet on deadlines Defendants may seek appropriate sanctions.

Dkt. 135.

This Court conducted a further discovery conference on April 3, 2017. At the conference, the Court engaged with plaintiff concerning the tardy discovery responses as follows:

> THE COURT: Mr. Hudson, have you now responded to defendants' requests?
>
> MR. HUDSON: I have not as of yet responded. I intend to respond, your Honor.
>
> THE COURT: When do you intend to respond?
>
> \* \* \* \*
>
> THE COURT: ... [A]s I understand it, the defendants have served on you written questions called interrogatories and document demands, which call upon you to gather and produce responsive documents.
>
> We've been talking about this over a month now. We are on a short timetable. When are you going to be able to comply?
>
> MR. HUDSON: I'll comply immediately. I'll start today, your Honor. And I hope to finish it in two days, if I can, but I thought I had submitted all these documents to the Court previously, your Honor.

4

THE COURT: You brought a bunch of stuff.

April 3, 2017 Transcript [hereinafter "T."], p. 3.

The Court elicited from defense counsel a recapitulation of the procedural history set forth above, including the fact that, pursuant to the court's direction at the previous conference, counsel and plaintiff had together reviewed the voluminous materials plaintiff had delivered to the Clerk and agreed that the material was not responsive to defendant's demands but related instead to plaintiff's property dispute with a neighbor. T., p. 5. In an effort to demystify the discovery process for the benefit of the *pro se* plaintiff, the Court explained as follows:

> THE COURT: . . . This doesn't require anything fancy or polished. Interrogatories are written questions. You can take a copy of the interrogatories; you can write out your responses longhand, okay?
>
> With respect to document demands, you are only required to produce documents that are within you possession, custody or control. So, if he's asking for things you don't have, you can just say "I don't have them." The law doesn't require you to create things that don't exist or gather things that are not in your possession, so this really shouldn't be that hard.

T., p. 5-6. The Court then emphasized the importance of prompt compliance:

> THE COURT: Now, Mr. Hudson, you're not obligated to take any discovery here. You may believe that you have what you need to present your claims, but you can't file a lawsuit and then refuse to cooperate with the other side in providing the discovery that they need. This case has been pending since 2012. It is now time to complete discovery.

T., p. 6.

The Court then set a hard deadline for plaintiff's responses:

> THE COURT: So, you're telling me that you hope to have responses to defendant's demands in a couple of days. I'm giving you until Friday.
>
> MR. HUDSON: Yes, your Honor.
>
> THE COURT: Okay?

> MR. HUDSON: Okay.
>
> THE COURT: Today is April 3; Friday is April 7. They need to be in the mail by the close of business on Friday afternoon.
>
> MR. HUDSON: Yes, your Honor.

T., p.6. Following a colloquy concerning the scheduling of plaintiff's deposition after plaintiff provided his discovery responses, plaintiff requested another (third) copy of defendant's discovery demands, and counsel provided a copy in open court. T., p. 10-11. The Court then concluded the conference by specifically cautioning plaintiff that his case could be dismissed if he failed to comply:

> THE COURT: Once again, you can respond longhand, but time is of the essence because the clock is running. And Mr. Hudson, do understand that if you fail to respond to discovery, that's a basis to dismiss your case, okay? You need to do this. That's the price of going forward with this case, okay?
>
> If you're too distracted by other matters, you can discontinue the case if you want to, but if you want to proceed with the case, this [discovery] needs to get done and it needs to get done this month, okay?
>
> MR. HUDSON: Yes, your Honor.

T., p 11.

Notwithstanding all of the above, on Friday, April 7, 2017, plaintiff sent a notarized document to the Court stating as follows:

> Petitioner, Robert Hudson has previously submitted to the Court Plaintiffs' Answer to Defendants first set of questions and request for documents by N.Y.S. Attorney General, David Galalis, which Plaintiff has made as complete as his records could show.
>
> Plaintiff will give testimony for the violation of Plaintiff's, United States Second Amendment Rights which defendants the Town of Pine Plains and the N.Y.S. Police violated.

Dkt. 136. Defendant's request for dismissal followed. [Dkt. 137.] Plaintiff was directed to file

any reply to defendant's request by April 20, 2017 [Dkt. 138,] but no response has been received to date.

## Analysis

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders . . . [including orders] . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

"All litigants, including pro ses, have an obligation to comply with court orders," and although pro se litigants are generally entitled to "special solicitude," they "are not immune to dismissal as a sanction for noncompliance with discovery orders." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal quotations and brackets omitted). Rather, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994). Nevertheless, "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant." Agiwal v. Mid Island Mortg. Corp., 555 F.3d at 302 (quoting Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990), cert. denied, 499 U.S. 943, 111 S. Ct. 1404, 113 L. Ed. 2d 459 (1991)).

In evaluating the appropriateness of sanctions, including dismissal, a court should consider several factors including:

> 1. the willfulness of the non-compliant party or the reasons for noncompliance;
>
> 2. the efficacy of lesser sanctions;

7

> 3. the duration of the period of noncompliance[;] and
>
> 4. whether the non-compliant party had been warned of the consequences of...noncompliance.

See Agiwal, 555 F.3d at 302-03 (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

Generally, "[a] persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault, by the noncompliant party." Peña v. Chocolate, 2012 U.S. Dist. LEXIS 128676, 2012 WL 3957474, *3 (S.D.N.Y. 2012) (internal quotations omitted).[4] Indeed, "dismissal pursuant to Rule 37 is appropriate 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction.'" Agiwal, 555 F.3d at 303 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)).

Here, plaintiff's obstinate failure to respond to defendants' discovery requests, which has now persisted throughout the period allotted for discovery in this action, warrants the extreme sanction of dismissal. Plaintiff has repeatedly verbalized a desire to comply with his discovery obligations, but his actions (or inaction) belies his stated good intentions. Although plaintiff now asserts that his responses have been "previously submitted to the Court" [Dkt. 136] – presumably though not explicitly a reference to the voluminous materials plaintiff delivered to the Clerk on January 5 [Dkt. 131] and/or the voluminous materials attached to the document plaintiff filed on February 3 [Dkt. 132] – plaintiff himself acknowledged as early as February 10

---

[4] A copy of this unreported case will be mailed to plaintiff *pro se* along with this Report and Recommendation.

that those materials were not responsive to defendants' requests. At the hearing on February 10, plaintiff attributed this lapse to his misunderstanding of his discovery obligations, and plaintiff requested and was granted 10 days to respond to defendants' requests. Two weeks later, plaintiff sent the Court an apologetic letter acknowledging that he had "not been able to complete the second document requested by the New York State Attorney General" because of other commitments. [Dkt. 133.] At a further discovery hearing on April 3, plaintiff again acknowledged that he "ha[d] not as of yet responded" to defendant's discovery requests, assured the court that he "intend[ed] to respond," and was granted until Friday April 7 to do so. T., p. 3, 6.

On this record, plaintiff's terse explanation on April 7 – the deadline set for compliance – that his discovery responses had been "previously submitted to the Court" [Dkt. 136] is simply inadequate, even granting plaintiff the special solicitude he is entitled to as a *pro se* litigant. Thus, plaintiff's persistent failure to respond to defendants' discovery requests, and his corollary failure to obey this Court's orders directing him to do so, establishes "willfulness, bad faith, or fault" and weighs in favor of dismissal. Peña v. Chocolate, 2012 U.S. Dist. LEXIS 128676 at *8.

Further, plaintiff was granted ample time to comply with defendants' discovery requests, and was repeatedly granted additional time to do so. At three separate discovery-related hearings, this Court made clear to plaintiff that he had to respond to defendant's discovery requests, emphasized the importance of timely compliance, and attempted to explain to plaintiff how he could comply. There is, therefore, no reason to believe that some less drastic sanction would be effective in this case. Id. at *12-13.

Moreover, as noted above, plaintiff's failure to respond to defendants' discovery requests

9

has persisted throughout the discovery period, and has frustrated defendants' efforts to prepare for plaintiff's deposition or otherwise move this case towards a conclusion. On March 24, 2017, defendants were forced to seek an extension of the discovery deadline on the basis that plaintiff had "still failed to provide any response to Defendants' December 22, 2016 First Set of Interrogatories and Request for Production of Documents[.]" [Dkt. 134.]

Finally, plaintiff has been warned about the consequences of noncompliance. Your Honor's March 27 endorsement extending the discovery deadline explicitly stated that "[i]f Plaintiff continues to drag his feet on deadlines Defendants may seek appropriate sanctions." [Dkt. 135.] During the course of the subsequent discovery hearing on April 3, this Court told plaintiff in no uncertain terms that "if [he] fail[ed] to respond to discovery, that's a basis to dismiss [his] case." T., p. 11.

Under the Federal Rules, plaintiff's responses to defendants' December 22, 2016 First Set of Interrogatories and Request for Production of Documents were due on or about January 23, 2017. "When a party seeks to frustrate [discovery] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991). I respectfully recommend that plaintiff's claims against Troopers Miano and Mergendahl be **DISMISSED** under Rule 37(b)(2)(A)(v).

Dated: April 24, 2017
      White Plains, New York

Respectfully Submitted,

_____
Paul E. Davison, U.S.M.J.

# **NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. See also Fed. R. Civ. P. 6(a), (d). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Kenneth M. Karas, at the Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.