UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT HUDSON,

              Plaintiff,

-v-

COUNTY OF DUTCHESS, et al.,

              Defendants.

12-CV-5548 (KMK)

ORDER ADOPTING R&R IN
PART & ORDER TO SHOW
CAUSE

KENNETH M. KARAS, United States District Judge:

On April 24, 2017, Magistrate Judge Paul E. Davison issued a Report & Recommendation (the "R&R") recommending dismissal of Plaintiff's claims against Defendants Miano and Mergendahl pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for Plaintiff's repeated failure to comply with court-ordered discovery. For the reasons to follow, the Court adopts Judge Davison's recommendation in part.

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Pursuant to § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

When a party submits timely objections to a report and recommendation, the district court reviews de novo the portions of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, so long as the factual and legal bases supporting the findings and conclusions set forth in those sections are

not clearly erroneous or contrary to law." *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)).

The factual and procedural history of this case is set forth in the R&R. (*See* R. & R. 2–7 (Dkt. No. 142).) In short, Plaintiff initiated this case in July of 2012, (*see* Dkt. No. 1), and little progress has been made since then. Since January 2017, Plaintiff has failed, despite being given multiple opportunities, to respond to any of Defendants' discovery requests. What is more, Plaintiff has admitted his delinquency twice in court, but has failed to cure those defects after being ordered to do so. Most recently, at a conference before Judge Davison on April 3, 2017, Plaintiff admitted that he had not yet responded to the discovery requests, but promised to do so by the end of the week. (*See* Tr. 3–4.) Later that week, however, Plaintiff wrote a letter insisting that he had already submitted his responses to the Court, a contention that had already twice been rejected by Judge Davison on the record without protest from Plaintiff. (*See* Dkt. No. 136.) Defendants Miano and Mergendahl thereafter filed a letter requesting dismissal of the Action against them for Plaintiff's failure to comply with discovery obligations. (*See* Dkt. No. 137.) Judge Davison gave Plaintiff a week to respond to Defendants' application, (*see* Dkt. No. 138), but Plaintiff did not file anything. Thereafter, on April 24, 2017, Judge Davison issued the R&R, recommending dismissal.

Although he did not submit any letter in response to Defendants' request to dismiss the case, Plaintiff did submit objections to the R&R. (*See* Pls. Answer to R. & R. and Resp. to Defs. Claims ("Objs.") (Dkt. No. 152).) The objections, however, largely relate to the merits of this and other suits in which Plaintiff is a party. Only two passages relate to Plaintiff's discovery delinquencies. First, Plaintiff states:

> The Plaintiff since instituting this action has tried not to be late or tardy in answering any part of Defendants responses to this complaint.

2

(Objs. 1.) Second, Plaintiff writes:

> At all times since this case was first filed in 2012 I, Robert Hudson Plaintiff have tried never to be tardy or late with a response.
>
> The Plaintiff's Court ordered Fourth Amendment Complaint with Plaintiffs answer to Defendants Initial Disclosures Requests pursuant to N.Y.S. Attorney General Rule 26(A)(1)of Federal Rules of Civil Procedure with 18 exhibits was timely submitted to the court on February 3, 2017. Plaintiff properly and clearly responded to the courts requests. It made no reason for Plaintiff to testify at Discovery and again testify at the Trial by Jury Demanded when Plaintiff has already submitted testimony documentation and (FOIL) files.

(Objs. 4.) These objections are without merit.

First, it is not enough for Plaintiff to "answer[]" or "respon[d]" to Defendants' filings, he must comply with the Federal Rules of Civil Procedure by supplying the discovery information that he is obliged to produce. The Court agrees with Plaintiff that there has been no shortage of filings and responses on his part, but Defendants will not be forced to litigate a case without the benefit of discovery, no matter how meritorious Plaintiff believes his case is. And while the Court appreciates that pro se plaintiffs "are afforded special solicitude in the Second Circuit, that solicitude does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Baker v. Ace Advertisers' Serv., Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y. 1992) (internal quotation marks omitted).

Second, Plaintiff has already been informed that his submission on February 3, 2017, docketed as number 132, is insufficient to respond to Defendants' discovery requests, and he has never protested that conclusion when in court. (*See* R. & R. 3–6.) A party's willfulness is one factor to consider in whether dismissal is an appropriate sanction, and Plaintiff has demonstrated that his defiance of his discovery obligations is not a consequence of negligence or unfamiliarity with court procedures, but of willfulness. Dismissal is wholly appropriate in such circumstances.

3

*See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (affirming dismissal where the plaintiff's "communications with the Magistrate Judge and opposing counsel indicate that he understood the Magistrate Judge's discovery orders and realized that timely compliance was expected").

Finally, Plaintiff's objections leave little doubt that lesser sanctions would not be effective. He has not only doubled down on his argument that he has already fulfilled his discovery obligations, he has now also implied that will not give any further testimony in this matter until trial. (*See* Objs. 4.) But it is the Court and the Federal Rules of Civil Procedure, not Plaintiff, that determine what discovery will take place prior to trial. Plaintiff has made the conscious decision that he will not comply with the rules of the Court, and dismissal is therefore an appropriate sanction.

Importantly, the Court warned Plaintiff on March 27, 2017 that failure to comply with his discovery obligations could result in sanctions, (*see* Dkt. No. 135), and Judge Davison warned Plaintiff on the record that if he continued to breach his discovery obligations, that would be "a basis to dismiss [the] case," (*see* Tr. 11). Plaintiff as therefore been advised that failure to comply with his discovery obligations could result in dismissal. He has not responded to that warning, and dismissal is therefore appropriate for the reasons set forth in the R&R and above.

In an abundance of caution, however, the Court will give Plaintiff one last opportunity to show cause for why his claims against Defendants Miano and Mergendahl should not be dismissed with prejudice.

Accordingly, it is hereby:

ORDERED that Plaintiff shall show cause, by no later than June 14, 2017, as to why his claims against Defendants Miano and Mergendahl should not be dismissed with prejudice. The Court will dismiss the claims with prejudice in the event that good cause is not shown.

SO ORDERED.

DATED: May 31, 2017
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

5